IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY JOSEPH BELTZ, | ) |
| Plaintiff | ) ) ) 2:19-cv-1572-NR ) |
| v. | ) ) ) |
| THE UNIVERSITY OF PITTSBURGH, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM ORDER

Plaintiff Timothy Beltz moves to reopen discovery, seeking leave from the Court to reopen the deposition of Lance White and to depose Dave Plettl. ECF 84. The motion is in response to a newly surfaced text message from Mr. White to Mr. Plettl, which Mr. Beltz contends is relevant to his claim of age discrimination. ECF 85, p. 1. The University opposes the motion, arguing that conducting additional discovery one month before trial would be unduly burdensome and cumulative. ECF 86. After carefully considering the parties' briefing and the relevant caselaw, as well as reviewing the claims and evidence in this case, the Court will grant the motion as to re-opening the deposition of Mr. White, but deny it as to granting leave to depose Mr. Plettl.

The Court, in its discretion, finds that good cause exists to allow a second deposition of Mr. White. *LeBoon v. Lancaster Jewish Cmty. Ass'n*, 503 F.3d 217, 235 (3d Cir. 2007). "The federal courts clearly favor the taking of depositions." *Elsevier, Inc. v. Comprehensive Microfilm & Scanning Servs., Inc.*, No. 3:10-2513, 2013 WL 5797639, at *3 (M.D. Pa. Oct. 28, 2013). Under Federal Rule of Civil Procedure 30(a)(2)(A)(i), the Court "*must* grant leave to the extent consistent with Rule 26(b)(2)." *York Grp., Inc. v. Pontone*, No. 10-1078, 2012 WL 12895528, at *1-*2 (W.D. Pa. May

1

18, 2012) (Conti, J.) (emphasis in original). That is, the Court must weigh the potential evidence's relevancy against the burden that would ensue. *See id.*

Here, the importance of the text message's new information to Mr. Beltz's case outweighs the inconvenience to Mr. White. The text message does not merely present tangential information; it potentially sheds light on the central issue of this case. "Ole boy," according to Mr. Beltz, purportedly refers to Mr. Beltz, and the term may speak directly to Mr. Beltz's claim of age discrimination. Further, "they have said" potentially raises the prospect of outside influences on Mr. White's decision not to re-hire Mr. Beltz, though the University has claimed it was Mr. White's decision alone. In short, the information is relevant. *Compare Am. Nat'l Prop. & Cas. Co. v. Felix*, No. 3:16-147, 2018 WL 10247020 (W.D. Pa. Nov. 16, 2018) (Gibson, J.) (forbidding an additional deposition where "[a]ny relevance the [new evidence] may have to these issues is not substantial enough to justify a last-minute deposition").

However, to ensure that discovery remains proportionate, the Court orders that this subsequent deposition of Mr. Beltz remain limited to the newly disclosed information. *York Grp., Inc. v. Pontone*, No. 10-1078, 2012 WL 12895532, at *2 (W.D. Pa. Sept. 27, 2012) (Conti, J.) ("[T]he issue of whether a Party should be entitled to take a second deposition of a witness in situations where new…evidence…ha[s] been asserted since the first deposition of the witness[] has been addressed by numerous courts. The consistent holding in those cases is that the second deposition will be permitted, but the areas of inquiry will be strictly limited to the…newly disclosed information."). Accordingly, the new questions for Mr. White will not be unduly duplicative, and the deposition should be short in duration.[1]

---

[1] Moreover, despite the proximity to trial, the Court also notes that Mr. Beltz did not act with undue delay in requesting this additional deposition, and that Mr. White has only been deposed once before. *Compare Felix*, 2018 WL 10247020 (declining to allow an additional deposition where the witness had already been deposed twice and "with

On the other hand, Mr. Beltz has not shown the requisite good cause to depose Mr. Plettl.  In weighing good cause, the Court considers: "(1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors [it], in its discretion, determine[d] to be relevant."  *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014) (Fischer, J.).  The moving party's diligence is the cornerstone of this analysis.  *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 559 (D.N.J. 2022).

Mr. Beltz has long been aware of Mr. Plettl and his role in this case.  Indeed, his own counsel referenced Mr. Plettl multiple times while taking Mr. White's deposition, and both sides discussed Mr. Plettl in their summary-judgment briefing.  Though Mr. Plettl was not part of the disclosure list from the University, his identity was certainly known to Mr. Beltz.  *See Flores v. Pennsylvania State Police*, No. 18-137, 2019 WL 251948 (E.D. Pa. Jan. 17, 2019) (one witness's identity was sufficiently known to the plaintiff during discovery when the witness "was a motorcyclist was involved in an accident.  Plaintiff, while still employed with Defendant, was responsible for preparing a report regarding the accident.  Plaintiff's alleged filing of a false report regarding this accident is one of the main disputes in this case."  However, "Defendant has not stated, or produced any documents stating that [another witness] has any personal knowledge of…any [] information relevant to this case.").

Mr. Beltz indicated that his understanding of Mr. Plettl's involvement was minimal.  ECF 84, pp. 3-4.  But during discovery, as part of diligent information-gathering, Mr. Beltz could have conferred with Mr. Plettl – or subpoenaed him – to learn more and cross-reference accounts from Mr. White.  He opted not to do so.  But because Mr. Plettl's identity and general relevance was known to Mr. Beltz

---

two weeks left until trial, [plaintiff's] counsel waited four days to tell [defense] counsel about the proposed deposition").

throughout discovery, his testifying at trial would not be unforeseeable. Therefore, good cause does not exist to conduct an eleventh-hour deposition.

Finally, the Court declines to order that the costs of Mr. White's second deposition be paid by the University. Though Mr. Beltz received the text message late, it was produced by Mr. Plettl, and the University did not have it previously. ECF 87, p. 2. Though Mr. Beltz implies that the University and Mr. White did not meet preservation obligations, the Court does not find sufficient evidence of bad faith to order a sanction.

* * *

For the foregoing reasons, Mr. Beltz's motion to reopen discovery is **GRANTED** in part and **DENIED** in part. Mr. Beltz may depose Mr. White, limited to the scope of the newly discovered evidence. He may not, however, depose Mr. Plettl. No costs or fees will be awarded.

DATE: September 22, 2022                              BY THE COURT:

                                                     /s/ *J. Nicholas Ranjan*
                                                     United States District Judge