**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

TIMOTHY JOSEPH BELTZ,    )
    )
    )
    Plaintiff    )
    )   2:19-cv-1572
    v.    )
    )
THE UNIVERSITY OF    )
PITTSBURGH,    )
    )
    )
    Defendant.    )

## MEMORANDUM ORDER

Before the Court are motions *in limine* filed by Plaintiff Timothy Beltz [ECFs 93, 95, 97, 99, 101, 103] and Defendant University of Pittsburgh [ECFs 106, 108]. The Court issues this omnibus order resolving the motions as follows.

**I.**    **PLAINTIFF'S MOTIONS**

**A.**    **Plaintiff's motion *in limine* to exclude evidence of dismissed claims [ECF 93] and corresponding brief [ECF 94].**

The motion is GRANTED. Mr. Beltz's subjective views as to whether he was discriminated against and on what basis are irrelevant. This includes not only his subjective views as to the dismissed and withdrawn claims, but also the age-discrimination claims at issue. As such, the Court does not intend to allow Mr. Beltz's counsel to question him about his subjective views of his age-discrimination claim, and so the evidence of the dismissed and withdrawn claims will not be necessary for impeachment, either.

Moreover, any mention of the technical processes of this lawsuit – the inclusion of other claims, summary judgment, stipulation of dismissal, etc. – has no probative

value as to the remaining claims, and poses a substantial risk of jury confusion, and so is excluded on that basis, as well.  *See* Fed. R. Evid. 403.

B.      **Plaintiff's motion *in limine* to exclude evidence of Rhen Vail's performance [ECF 95] and corresponding brief [ECF 96].**

The motion is GRANTED.  Only the information that the University had when it made the decision to fire Mr. Beltz and not to re-hire him is relevant.  *E.g.*, *Schilling* v. *Napleton's Ellwood City Chrysler, Dodge, Jeep Ram,* No. 15-145, 2015 WL 6509436, at *2–3 (W.D. Pa. Oct. 28, 2015) (Schwab, J.).  Mr. Vail's subsequent performance at the University is not relevant, as the University did not know at the time of the adverse actions in this case how Mr. Vail ultimately would perform, and so that information could not have factored into the termination decision or the decision not to re-hire.

However, the University is free to present evidence of what it knew about Mr. Vail *before* selecting him over Mr. Beltz, as well as to argue more generally that at that time it believed more experience in terms of years does not necessarily translate into better performance as a strength and conditioning coach.

C.      **Plaintiff's motion *in limine* to limit evidence and exclude argument of Garry Christopher's contract [ECF 97] and corresponding brief [ECF 98].**

The motion is DENIED.  In denying summary judgment, the Court did not conclusively decide that Mr. Christopher is a comparator for Mr. Beltz.  Instead, it decided that Mr. Christopher's contract did not rule him out as a comparator.  ECF 61, p. 6.  That issue is now for a jury to decide.  *Andujar v. Gen. Nutrition Corp.*, No. 14-7696, 2018 WL 1087494, at *5–6 (D.N.J. Feb. 28, 2018), aff'd, 767 F. App'x 238 (3d Cir. 2019) (noting that whether proffered comparators are similarly situated to the Plaintiff is a question of fact for the jury).  At this stage, the University may fairly argue that Mr. Christopher's contract makes him different from Mr. Beltz, and that

any preferential treatment he may have received may have been linked to his contract.

Additionally, because Mr. Beltz agrees that there would be some factual references to Mr. Christopher's contract at trial, the Court finds that admission of evidence pertaining to the contract is not prejudicial to any party, and that admitting that evidence would actually avoid jury confusion.

> **D.** **Plaintiff's motion *in limine* to exclude evidence of the interpersonal relationship between Plaintiff and Garry Christopher [ECF 99] and corresponding brief [ECF 100].**

The motion is DENIED. This evidence is relevant, subject to a proper foundation being laid. As the Court understands the University's position, Mr. White's efforts to change the "culture" references, in part, the conflicts between Mr. Beltz and Mr. Christopher. Similarly, Mr. Carpenter's reference to Mr. Beltz being an "energy vampire" is based, in part, on the interpersonal issue.

The University should be prepared at the final pre-trial conference to provide an offer of proof on this issue.

> **E.** **Plaintiff's motion *in limine* to exclude evidence and argument regarding alleged practices outside of defendant [ECF 101] and corresponding brief [ECF 102].**

The motion is DENIED, with some qualification. Mr. Beltz seeks to preclude all evidence of witnesses' prior experiences at other universities when there have been coaching changes. The Court finds that this evidence is relevant here, if based

on the witness's personal knowledge, and if it sheds context on the decisionmakers'
plan and expectations when the new basketball head coaches were hired.

The Court will further discuss the parameters of this ruling with counsel at
the final pre-trial conference.

### F.  Plaintiff's motion *in limine* to preclude evidence of EEOC dismissal [ECF 103] and corresponding brief [ECF 104].

At this time, the Court will hold this motion in abeyance pending discussion
with counsel at the  final pre-trial conference, and to get a better understanding of
how Mr. Beltz's counsel intends to use certain EEOC documents.

## II.   DEFENDANT'S MOTIONS

### A.  Defendant's motion *in limine* to exclude evidence of alleged failure to transfer/reassign Plaintiff [ECF 106] and corresponding brief [ECF 107].

The motion is DENIED.  Evidence about the open Olympic Sports position is
relevant, as it may show pretext and inconsistency with the University's prior
practices of shuffling coaches to different teams.  Depending on how the evidence
comes in at trial and to ensure that the jury understands that failure to transfer is
not a specific claim, the Court may provide a limiting instruction as to this evidence.

### B.  Defendant's motion *in limine* to exclude evidence (i) of alleged discrimination against others; and (ii) about other positions in the athletic department [ECF 108] and corresponding brief [ECF 109].

The motion is DENIED in part.

The ages of other employees and timing of their termination/re-hiring is
relevant because of the "culture"-related testimony.  Additionally, several of the other
employees held comparable job positions, and their termination happened relatively

close in time to Mr. Beltz's termination.  Therefore, this evidence may properly be admitted.

In the same vein, the University may present evidence of other older employees who were not terminated, or strength and conditioning-related employees who were replaced by older employees around the same time.

That said, to the extent that counsel intends to ask any witnesses their subjective beliefs as to whether certain individuals were discriminated against on the basis of age, that specific testimony will be excluded on the basis of Rule 402 and Rule 403, given its low probative value.

********************

Dated: October 10, 2022

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge