IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY JOSEPH BELTZ, | ) |
| | ) |
| Plaintiff | ) |
| | ) 2:19-cv-1572 |
| v. | ) |
| | ) |
| THE UNIVERSITY OF PITTSBURGH, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Based on the discussion at the final pre-trial conference, the Court hereby issues this order to clarify the scope of certain evidence at trial pertaining to student comments about Mr. Beltz's performance and to lay out the following parameters to avoid unnecessary sidebars at trial.

### I. Hearsay statements relating to student athlete comments about Mr. Beltz will be excluded, with two main exceptions.

At issue are student statements about Mr. Beltz – both positive and negative – that each party has either already sought to introduce or may seek to introduce at trial. The Court clarifies that witness testimony about student comments regarding Mr. Beltz, as a general matter and based on the theory of this case, is inadmissible hearsay, unless covered by an exception.

In its previous order regarding deposition designations, the Court ruled that it would exclude an excerpt in which Mr. Christopher described complaints that he received from student athletes regarding Mr. Beltz. After hearing additional argument from the University at the final pre-trial conference, the Court will leave this ruling in place. Because the University has arguably put Mr. Beltz's performance

at issue,[1] introducing the complaints from students is hearsay by implication – offered to prove the truth that Mr. Beltz was in fact an ineffective coach. In other words, the fact that students made complaints about Mr. Beltz implicitly is offered for the truth of the matter – *i.e.*, poor performance. *See United States v. Reynolds*, 715 F.2d 99, 103 (3d Cir. 1983) ("[S]tatements containing express assertions may also contain implied assertions qualifying as hearsay and susceptible to hearsay objections.").

Moreover, student statements made to Mr. Christopher, who was not the decisionmaker, are not relevant in this case. To the extent the University argues that the statements to Mr. Christopher would be offered to make it more likely that Mr. White heard similar complaints, the Court finds this probative value very limited because it is based on speculation. In contrast, the statements of potentially other unknown students are substantially prejudicial to Mr. Beltz and pose a danger of jury confusion regarding the testimony's intended purpose. Thus, as the Court held before, that portion of the proffered excerpt from Mr. Christopher will be excluded.

By the same token, Ms. McConnell-Serio – or any other witness – will not be permitted to testify regarding positive comments (or the absence of negative comments) from students pertaining to Mr. Beltz, either. Just as with Mr. Christopher, the comments would be hearsay by implication – used to show that Mr. Beltz was a good coach. And Ms. McConnell-Serio was not the decisionmaker, either.

There are two exceptions to the admissibility of these student statements.

First, if Ms. Lyke or Mr. White were to testify about student comments made to them related to Mr. Beltz that played a role in the decision to fire or not re-hire Mr. Beltz, those statements would not be hearsay. Ms. Lyke and Mr. White are

---

[1] When Mr. White's deposition was reopened, he reported remembering receiving complaints from players, which may have been a consideration to not re-hire Mr. Beltz . ECF 171-1; 11:20-12:18.

purportedly the two main decisionmakers in this case. Therefore, such student statements would be offered for their effect on the listeners in making those ultimate decisions (which is relevant), and thus would not be hearsay.

Second, witness testimony about student statements, which were then later relayed to Ms. Lyke or Mr. White as part of their decisionmaking process, similarly would not be hearsay. For example, if a witness were to testify that a student made a negative (or positive) comment about Mr. Beltz and that specific comment was then passed on to Ms. Lyke or Mr. White, the Court would find that that testimony is not hearsay or double hearsay (*i.e.*, what the student told the witness is proof of knowledge, and what was then relayed on to Ms. Lyke or Mr. White is proof of effect on listeners).

## II.     Witnesses may testify based on their personal knowledge and personal opinion of Mr. Beltz's performance.

Non-decisionmaking witnesses will be permitted to testify regarding their opinions as to Mr. Beltz's performance as a strength and conditioning coach, provided there is requisite personal knowledge and based on their rational perception of his performance. *See* Fed. R. Evid. 701. Such opinions could be described not based on student feedback, but on objective measurements and general impressions appropriate for a lay opinion.

Accordingly, subject to that foundation, the University will be permitted to introduce the first segment of Mr. Christopher's excerpt, stating simply that he did not believe Mr. Beltz was a good coach. And Ms. McConnell-Serio, or any witness, may testify as to their opinions of Mr. Beltz based on their personal knowledge.

## III.    Documented performance reviews are admissible as business records.

Several performance reviews for Mr. Beltz have been offered as exhibits. As the Court has previously ruled, these documents are excepted from the prohibition

against hearsay because they are business records, utilized regularly by the athletic department in evaluating its staff members. Fed. R. Evid. 803(6).

**********************

Dated: October 14, 2022

BY THE COURT:

/s/ J. Nicholas Ranjan
J. Nicholas Ranjan
United States District Judge