IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY JOSEPH BELTZ,<br><br>Plaintiff<br><br>v.<br><br>THE UNIVERSITY OF PITTSBURGH,<br><br>Defendant. | )<br>)<br>)<br>)<br>)  2:19-cv-1572-NR<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM ORDER**

Plaintiff Timothy Beltz moves to reopen discovery, seeking documents from third-party Dave Plettl in preparation for a second trial. ECF 173. During the first trial, which ended in a mistrial after a deadlocked jury, Mr. Plettl testified that he had helped vet candidates for Mr. Beltz's replacement as strength and conditioning coach, and that he had exchanged text messages with Lance White to that effect. *Id.* at pp. 2-3. Mr. Beltz argues that Mr. Plettl's importance to the case has greatly increased, and so he should provide documents to add context to his trial testimony. *Id.* at p. 6. The University responds that good cause does not exist to reopen discovery, given that the discovery period has been closed for many months. ECF 174. After carefully considering the parties' arguments, the testimony and evidence given at the first trial, and the relevant caselaw, the Court agrees with the University and will deny the motion.

As with Mr. Beltz's prior motion to reopen discovery as to Mr. Plettl, the Court here considers: "(1) whether the moving party's lack of diligence or the opposing party's conduct contributed to the delay; (2) potential prejudice caused by the discovery extension; and (3) any other factors [it], in its discretion, determine[d] to be relevant." *Trask v. Olin Corp.*, 298 F.R.D. 244, 267 (W.D. Pa. 2014) (Fischer, J.). The

1

moving party's diligence is the cornerstone of this analysis. *Faiella v. Sunbelt Rentals, Inc.*, 341 F.R.D. 553, 559 (D.N.J. 2022).

As the Court found when denying Mr. Beltz's previous motion, "Mr. Beltz has long been aware of Mr. Plettl and his role in this case. Indeed, his own counsel referenced Mr. Plettl multiple times while taking Mr. White's deposition, and both sides discussed Mr. Plettl in their summary judgment briefing. Though Mr. Plettl was not on an official disclosure list from the University, his identity was certainly known to Mr. Beltz. … [D]uring discovery, as part of diligent information-gathering, Mr. Beltz could have conferred with Mr. Plettl – or subpoenaed him – to learn more and cross-reference accounts from Mr. White. He opted not to do so." ECF 92.

The Court's prior decision applies here with equal force. First, Mr. Beltz could have subpoenaed any documents from Mr. Plettl during fact discovery. Second, there is "prejudice" by re-opening discovery, particularly given the University's alternative request to take additional discovery itself for a new trial. ECF 174, p. 6 n.8. The finality of the discovery deadline exists precisely to prevent such "slippery slope" scenarios, which could result in additional costly discovery, disputes, and motions practice. Third, there are no meaningful "other factors" that warrant re-opening discovery. By not subpoenaing documents from Mr. Plettl during discovery, Mr. Beltz bore the risk of not having access to all of his documents. That is a normal litigation risk; parties always have to make cost-benefit decisions on procuring discovery. Considering these factors, the Court finds that good cause does not exist here to disturb the finality interests of the prior deadlines.[1]

---

[1] Mr. Beltz argues that he may not need leave to serve a third-party subpoena at this juncture under Rule 45. The Court's disagrees; all fact discovery, including third-party discovery, must be completed within the discovery deadline set by the Court. 9 Moore's Federal Practice - Civil § 45.02 (2022) ("A Rule 45 subpoena may not be used to circumvent discovery rules or to make an untimely request for documents or tangible things that should have been requested during the discovery period.").

That said, while the Court won't order the re-opening of discovery or authorize additional formal discovery, in the Court's estimation, it appears that it would be in both parties' interests, as well as Mr. Plettl's interest, for Mr. Plettl to conduct a search of his phone and voluntarily produce his text messages with Mr. White pertaining to Mr. White's hiring of a new strength coach and any messages pertaining to Mr. Beltz, prior to any testimony he might give in a second trial. The parties are ordered to confer in good faith to determine whether any voluntary agreement can be reached.[2]

***

For the foregoing reasons, Plaintiff's motion to reopen discovery is **DENIED**.

DATE:  December 22, 2022                                    BY THE COURT:

                                                            /s/ *J. Nicholas Ranjan*
                                                            United States District Judge

---

[2] The Court also notes that the text messages at issue, if preserved on any of Mr. White's devices or backups thereof, would fall within the University's duty to supplement discovery. The Court therefore reminds the parties of their ongoing discovery obligations, including their obligations to supplement.